2015 JAN 12 AM 9:30



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DOUGLAS S. BRYSON and
NETTI M. BRYSON,

                Appellants,

            v.

STEWART TITLE GUARANTY CO.,
a wholly owned subsidiary of Stewart
Information Services Corp.,

                Respondents,

JPMORGAN CHASE BANK, N.A.; and
NORTHWEST TRUSTEE SERVICES,
INC.,

                Defendants.

No. 71003-6-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 12, 2015

BECKER, J. — Douglas and Netti Bryson sued Stewart Title Guaranty Company (Stewart Title) for an accounting. The trial court dismissed the claim under CR 12(b)(6). Because the Brysons cannot demonstrate any set of facts, consistent with their complaint, that would impose an obligation on the former trustee of a deed of trust to provide the debtor with an accounting, we affirm.

## FACTS

The Brysons have not provided this court with a record of the circumstances leading up to their action. Although we are mindful that they are acting pro se, we will hold pro se litigants to the same standard as an attorney. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

The Brysons filed this action against Stewart Title, JPMorgan Chase Bank (Chase), and Northwest Trustee Services, Inc. (NWTS) on July 15, 2013. The complaint sought to enjoin NWTS, the successor trustee of the deed of trust, and Chase from pursuing a nonjudical foreclosure of the Brysons' property scheduled for July 19, 2013. The complaint also requested "a verified accounting."[1] The foreclosure sale was eventually cancelled.

On September 25, 2013, the trial court granted Stewart Title's motion to dismiss the Brysons' claim under CR 12(b)(6). The trial court later dismissed the claims against Chase and NWTS.

The Brysons sought timely review of the order dismissing Stewart Title. But they did not file a notice of appeal from the subsequent orders dismissing their claims against Chase and NWTS. When the Brysons sought to include the claims against Chase and NWTS within the scope of review, both Chase and NWTS moved to dismiss. A commissioner of this court granted the motions to dismiss, and a panel denied the Brysons' motion to modify. Accordingly, although the Brysons' briefs include arguments directed at Chase and NWTS, only the claim against Stewart Title is before us on appeal.

## ANALYSIS

An appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to

---

[1] Clerk's Papers at 158.

relevant parts of the record." RAP 10.3(a)(6). Many of the Brysons' arguments on appeal consist solely of sweeping allegations of misconduct, unsupported by any reference to the record, citation to relevant authority, or coherent legal argument. We therefore decline to consider them. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to review an issue that is unsupported by cogent argument and briefing). Nor will we consider issues and arguments raised for the first time in the Brysons' reply brief. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

The Brysons' reliance on lengthy quotations from court decisions and materials involving other parties or jurisdictions is equally misplaced. Most of the decisions involve claims arising out of alleged misconduct during the course of foreclosure proceedings. None of these materials provide any support for the Brysons' claims against Stewart Title.

We review CR 12(b)(6) dismissals de novo. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014). Dismissal under CR 12(b)(6) is appropriate only if it "'appears beyond doubt'" that the plaintiff cannot prove any set of facts that would justify recovery. Burton v. Lehman, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005), quoting Tenore v. AT&T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998). We accept all facts alleged in the complaint as true, and we "'may consider hypothetical facts not included in the record.'" Burton v. Lehman, 153 Wn.2d at 422, quoting Tenore,

136 Wn.2d at 330. But "if a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." Gorman v. Garlock, Inc., 155 Wn.2d 198, 215, 118 P.3d 311 (2005). Contrary to Bryson's assertion, CR 12(b)(6) imposes no obligation on the trial court to enter written findings of fact and conclusions of law.

The precise basis for the Brysons' claim against Stewart Title is unclear. The complaint alleges a claim for an accounting in conjunction with Stewart Title's role as a trustee under the deed of trust. In their opening brief, the Brysons assert that the "trigger event . . . that a verified accounting must be produced, was an attempted invasion and theft of land, under color of perceived authority, via a non-judicial fraudclosure action outside of judicial review."[2] They further allege that Stewart Title, Chase, and NWTS conspired to commit extortion during the course of a "sham Trustee Sale."[3]

But the complaint repeatedly acknowledges that Stewart Title is no longer a trustee and that NWTS was the successor trustee pursuing the nonjudicial foreclosure. The Brysons fail to allege any facts suggesting that Stewart Title, as a former trustee, had a fiduciary duty or an interest in the property during the course of the nonjudicial foreclosure proceeding that would give rise to an obligation to provide some type of accounting to the debtor. Cf. RCW 61.24.010(3) ("The trustee or successor trustee shall have no fiduciary duty or

---

[2] Br. of Appellant at 2.
[3] Br. of Appellant at 24.

fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust").

The Brysons also appear to allege that their claim for an accounting is based on Stewart Title's actions as a trustee at some point prior to the nonjudicial foreclosure proceeding. But they have not identified any facts or legal theory to support such a claim. Nor have they made any showing that Stewart Title, as a trustee of the deed of trust, had an obligation to provide an accounting under Washington's general probate and trust laws. See former RCW 11.97.010(3) (2011); RCW 11.106.040.

In summary, the Brysons have failed to demonstrate any facts establishing Stewart Title's obligation to provide an accounting. The trial court properly dismissed their claim under CR 12(b)(6).

Affirmed.

Becker, J.

WE CONCUR:

Trickey, J

Dwyer, J.